UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**STEPHEN R. JONAS**
6455 South 20th Street, Apt. 9
Oak Creek, WI 53154                              Case No: 12-CV-693

     **Plaintiff,**

-vs-                                             Case Code: 30301

**MIG CAPITAL MANAGEMENT, INC.**
5811 Memorial Highway, Suite 208
Tampa, FL 33615

     **Defendant.**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES, the Plaintiff, STEPHEN R. JONAS, by and through his attorney, the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the MIG CAPITAL MANAGEMENT, INC., the Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq.

### II. JURISDICTION & VENUE

2.  Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3.  Plaintiff also brings certain claims as denoted herein pursuant to *28 U. S. C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4.  Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

1

5. Defendant conducts business in the state of Wisconsin, and therefore, personal jurisdiction is established.

### III. PARTIES

6. STEPHEN R. JONAS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Oak Creek, County of Milwaukee, State of Wisconsin. Oak Creek is situated in the Eastern District of Wisconsin.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. MIG CAPITAL MANAGEMENT, INC. (hereinafter, "Defendant") is a business entity that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection in the State of Wisconsin. Defendant is a national company with its principal place of business in Florida.

9. At all relevant times, Defendant is a debt collector as that term is defined by *15 U.S.C. §1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. During the course of its efforts to collect the debts allegedly owed by Plaintiff, Defendant has initiated contact with Plaintiff via various means of telecommunication, including without limitation electronic mail.

2

## IV. FACTUAL ALLEGATIONS

12. Sometime prior to February 27, 2012, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by *15 U.S.C. §1692a(5)*, namely, a payday loan that Plaintiff originally took out with EZ Money (the "Debt").

13. Starting on or about February 27, 2012, Defendant began sending Plaintiff letters via the United States Postal Service ("USPS") in an attempt to collect the Debt from Plaintiff. A copy of the letter sent by Defendant to Plaintiff on February 27th (the "February 27th Letter") is attached hereto as Exhibit "A".

14. In response to the February 27th Letter, on March 16, 2012, Plaintiff sent Defendant a letter via USPS notifying Defendant that Plaintiff was disputing the Debt and requesting validation of the Debt (the "Validation Letter"). A copy of this letter is attached hereto as Exhibit "B". Signature receipt of the Validation Letter is attached hereto as Exhibit "C".

15. In the Validation Letter, Plaintiff also requested that all future communications be made with him in writing and sent to him via USPS.

16. Shortly thereafter, on March 19, 2012, Defendant sent Plaintiff an unsolicited email in an effort to collect the Debt ("March 19th Email"). Attached to the March 19th Email was a settlement offer made by Defendant. A copy of the March 19th Email is attached hereto as Exhibit "D" and a copy of the attachment to the email is attached hereto as Exhibit "E".

17. The subject line of the March 19th Email simply stated "EZ Money", and the body of the March 19th Email was blank. Nothing in the body of the March 19th Email indicated that Defendant was attempting to collect a debt and that any information obtained will be used for

that purpose. Furthermore, nothing in the body of March 19th Email indicated that this communication was a communication from a debt collector.

18. On March 29, 2012, Defendant sent Plaintiff a letter acknowledging receipt of his request for validation of the Debt ("Validation Acknowledgement Letter"), which is attached hereto as Exhibit "F". In this Validation Acknowledgement Letter, Defendant made the following representations to Plaintiff:

   a) Defendant had received Plaintiffs request for validation of the Debt;
   b) Defendant has taken the necessary actions towards gathering the information required to validate the Debt;
   c) That it may take anywhere from 45 to 90 days to retrieve the validation information from Defendant's client; and
   d) During this validation period, there would be no attempt made by Defendant to contact Plaintiff until the validation process was complete.

19. Despite acknowledging receipt of the Validation Letter and representing that no attempt would be made by Defendant to contact Plaintiff until the validation process was complete, on March 30, 2012, Defendant sent Plaintiff another unsolicited email in an effort to collect the Debt (the "March 30th Email"). A copy of the March 30th Email is attached hereto as Exhibit "G".

20. The subject line of the March 30th Email simply stated "RE: EZ Money", and the body of March 30th Email stated "Steve, I still have that offer available to you. Thanks." Nothing in the body of March 30th Email indicated that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose. Furthermore, nothing in the body of the March 30th Email indicated that this communication was a communication from a debt collector.

21.     Both the March 19th Email and the March 30th Email were made by Defendant in violation of numerous and multiple provisions of the FDCPA and the Wisconsin Consumer Act as well as an invasion of Plaintiff's privacy.

22.     Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain.

23.     Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## V.  TRIAL BY JURY

24.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VI. CAUSES OF ACTION

### COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

25.     Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

26.     Defendant regularly collects and attempts to collect debts owed or due to another

27.     Defendant violated *15 U.S.C. §1692c(c)* of the FDCPA by communicating with the Plaintiff in connection with the collection of a debt after the Plaintiff notified the Defendant in writing that the Plaintiff wished that the Defendant cease further communication with the Plaintiff except those communications which were made in writing and sent to Plaintiff via USPS.

5

28.     Defendant violated *15 U.S.C. §1692g(b)* of the FDCPA by failing to cease collection of the Debt, or any disputed portion thereof, until Defendant could obtain proper verification of the Debt for Plaintiff.

29.     Defendant violated *15 U.S.C. §1692e* of the FDCPA by making a false, deceptive, and/or misleading representation by communicating with Plaintiff in an attempt to collect the Debt after Defendant represented to Plaintiff, in writing, that it would not communicate with the Plaintiff until it could obtain proper verification of the Debt for the Plaintiff.

30.     Defendant violated *15 U.S.C. §1692e(11)* of the FDCPA by communicating with Plaintiff via email without notifying the Plaintiff that Defendant was attempting to collect a debt and that any information obtained will be used for that purpose, and that the emails Defendant was sending Plaintiff were from a debt collector.

31.     Defendant violated *15 U.S.C. §1692d(5)* by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

### COUNT II: PENDENT JURISDICTION: DEFENDANT'S VIOLATION OF THE WISCONSIN CONSUMER ACT

32.     Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

33.     Defendant regularly collects and attempts to engage in a course of action, conduct or practice in collection of debts owed to another.

34.     Defendant has, in the course of attempting to collect a debt from Plaintiff arising from a consumer credit transaction, communicated with Plaintiff in such a manner as can reasonably be expected to threaten or harass the Plaintiff, in violation of *Wis. Stats. §427.104(1)(g)*.

35. Defendant has, in the course of attempting to collect a debt from Plaintiff arising from a consumer credit transaction, engaged in other conduct which can be reasonably expected to threaten or harass the Plaintiff, in violation of *Wis. Stats. § 427.104(1)(h).*

36. As a direct and proximate result of the violations committed by the Defendant, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, emotional distress, embarrassment, mental anguish, emotional distress, pecuniary loss and incurring of attorney's fees.

37. As a further direct and proximate result of said violations, Plaintiff is entitled to an award of their reasonable costs and attorney's fees.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHEN R. JONAS, by and through his attorney, respectfully requests that request that the court find that Defendant, MIG CAPITAL MANAGEMENT, INC., has violated has violated Federal Fair Debt Collection Practices Act and the Wisconsin Consumer Act, and respectfully requests judgment be entered against Defendant for the following:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*;

    c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k;* and

d. Any other relief deemed appropriate by this Honorable Court.

Dated this 9th day of July, 2012.

Respectfully submitted,
**STEPHEN R. JONAS**

By: /s/ Joshua B. Kons\_\_\_\_
Attorney for Plaintiff

Joshua B. Kons (State Bar No.1063948)
LAW OFFICES OF JOSHUA B. KONS, LLC
27 North Wacker Drive, No. 203
Chicago, IL 60606
T: 773-270-9051
E: joshuakons@konslaw.com